UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

**NOT FOR PUBLICATION OR CITATION**

CIVIL ACTION NO. 05-CV-064-KKC

BENJAMIN MEJIA                                                                          PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

D.L. STINE, Warden                                                                      RESPONDENT


Benjamin Mejia, an individual incarcerated in the United State Penitentiary-McCreary in Pine

Knot, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C.

§2241, and has paid the district court filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612

F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert.*

*denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted

by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The

allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See*

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner claims that (1) the Immigration and Naturalization Service ("INS")[1] detainer

---

[1]      The Immigration and Naturalization Service has been abolished and its
immigration enforcement function transferred to the Bureau of Immigration and Customs
Enforcement ("BICE") in the newly created Department of Homeland Security.  The change does
not affect the detainer or the instant cause of action, however.

against him is "unfair;" and (2) his deportation to the Dominican Republic would place him and his family in danger.

ALLEGATIONS

On the front of a form commonly used for prisoners seeking habeas relief under 28 U.S.C. §2241, the petitioner has written that the court which imposed his sentence was the "Immigration and Naturalization Service/Fishkill, NY;" the date of the judgment was "9-17-2002;" and the nature of the offenses was "removal."

As to the grounds for habeas relief herein, he directs the Court to "see attachment." The one-page, handwritten attachment contains the following:

> Ground One:  On May 26, 1975, I arrived in the United States as a legal alien.  While been a minor, and under the custody of my biological father Mr. Salustiano Mejia. He applied to obtain the United States Citizenship.  My father never asked for my opinion wether or not I wanted to be included in his application for citizenship. When I became an adult, I applied for citizenship but never got an answer from INS. I have adopted this country as my own, fathered two U.S. citizen kids, my mother and two sisters been also U.S. citizen and I have never been absent from the United States for more than 15 days.

> Ground Two:   While I was incarcerated during the period of 1991 to 1994, Doris Gonzalez, mother of one of my two kids, and I, helped the United States Government in the capture of a fugitive, Mr. Jose Hernandez, she also testified in another trial for the government of the United States.  After doing their time, they all have been deported to the Dominican Republic, and at this present time Mr. Jose Hernandez is a political figure there.  It will be a clear and present danger if I get deported.  Me or my family will be subject to any vengeance and its not fair that after we assisted the government of the United States I get an immigration detainer lodged on me for removal.

Attachment, signed by the petitioner and dated Feb. 5, 2005.

DISCUSSION

Habeas corpus jurisdiction exists under the terms of 28 U.S.C. §2241 where the petitioner

2

asserts a claim that his current custody is illegal, in that it violates the U.S. Constitution or a federal statute.  The instant petitioner has made neither type of allegation.  In fact, in addition to his claims not being clearly set out, even his current status is unclear in the scant allegations which he has offered up.  If he is incarcerated in service of a criminal sentence (as he was in the early '90's) and an INS detainer has merely been lodged against him, his petition is premature as he is only anticipating coming into the custody of the INS or its successor agency.  The law is well established that a prisoner must wait until he comes into the custody of the INS to challenge the INS's detention.

An INS detainer only constitutes a notice that the INS will seek custody of the prisoner in the future and a request for prior notice with regard to the end of his BOP confinement on a criminal sentence; it does not confer custody to the INS.  *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y) (noting the petitioner's lawful permanent resident status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)).  *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (same; also relying on *Campillo*, 853 F.2d at 595).

Because a detainer is only a notice and does not alter a prisoner's status as a custodial detainee of the federal prison system, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement."  *Campillo*, 853 F.2d at 595.  Such may be the instant petitioner's position.  If so, it will be at a later time, when he has passed into INS custody, that the petitioner may challenge the legality of his

detention in a habeas proceeding.

If the petitioner is already in INS custody, the date on which the removal proceedings began and the type of relief sought will determine what law to apply, as the United States immigration law has changed a great deal in recent years.  Amendments were made to the Immigration and Nationality Act in 1996, as part of the Illegal Immigration Responsibility Act ("IIRIRA"), Pub.L. No. 110 Stat. 3009-546 (1996).  There are not only pre-IIRIRA rules, but also interim rules and post-IIRIRA rules, most of which may not be applied retroactively.

A few years after the enactment of the IIRIRA, the United States Supreme Court issued a narrow interpretation of one of the new provisions, which can be applied retroactively and which purports to divest the district court of jurisdiction to hear an alien's claim "arising from the decision or action by the Attorney General to . . . execute removal orders. . . ."  8 U.S.C. §1252(g).  The Court found that §1252(g) bars judicial review of decisions to (1) commence removal proceedings, (2) adjudicate removal proceedings, or (3) execute removal orders.  *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999).  Therefore, if a petitioner is challenging the decision to deny him a request for a stay, he is seeking to enjoin the Attorney General from executing a valid order of deportation, and so the stay decision is protected from judicial review.  *See Moussa v. Jenifer*, 389 F.3d 550, 553 (6th Cir. 2004).  Has the instant petitioner been denied a stay which he requested on the basis of his fears of vengeance?  If so, it is unreviewable.

The Supreme Court has also held that judicial review still exists under 28 U.S.C. §2241, if the petitioner asserts a colorable statutory to constitutional claim.  *INS v. St. Cyr*, 533 U.S. 289 (2001).  However, the instant plaintiff has not stated a statutory or constitutional claim.  Even when a petitioner broadly claims a violation of his rights, the petitioner must also explain that assertion,

4

or his habeas petition must be dismissed.  *Moussa*, 389 F.3d at 555 ("We therefore find that Moussa's habeas petition ultimately requests that we review a determination to execute an order of removal.  Unless there is a statutory or constitutional basis for an objection, such a determination falls strictly to the unreviewable discretion of the Attorney General").

Further, if the petitioner is in INS custody, the length of the petitioner's detention by INS officials may raise a reviewable claim.  The detention of aliens is mandated during the pendency of removal proceedings, under 8 U.S.C. §1226(c)(1).  Even after completion of the removal proceedings, if there is an order of removal issued by an immigration judge, the law provides immigration authorities a 90-day post-removal-order period of detention, in order to effectuate his removal, as authorized in §1231(a)(6).

Additionally, in response to a claim that lengthy detentions of aliens raise constitutional claims and exceed the Attorney General's statutory authority, the High Court has held that an alien's continued detention, authorized by 8 U.S.C. §1231(a)(6), may be extended from expiration of the 90-day removal period only for as long as is "reasonably necessary" to effect an alien's removal, and 6 months is presumptively reasonable.  *Clark v. Suarez Martinez*, ___ U.S. ___, 125 S.Ct. 716 (2005).  After 6 months, the detention is improper if the alien demonstrates, and the government fails to rebut, the lack of a significant likelihood of removal in the reasonably foreseeable future.  *Id.* (6-month presumption for permanent resident aliens); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (same for inadmissible aliens).  Has the instant petitioner illegally languished in INS custody?

The Court concludes that on the face of the instant petition, there is no reviewable claim stated.  That is not to say that he does not have a federal claim, but that he has failed to state any facts or legal grounds for his current detention's being illegal.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th

Cir. 1989).  Accordingly, the Court will dismiss his action without prejudice to his right to bring a habeas action at a later time.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Petitioner Mejia's petition for writ of habeas corpus is **DENIED**; the action shall be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 12th day of May, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**